**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JULIAN HUTTON and** | : | **CIVIL ACTION** |
| **LAURA HUTTON, H/W** | : | |
| | : | |
| **v.** | : | **NO. 14-3264** |
| | : | |
| **KDM TRANSPORT, INC. and** | : | |
| **MELVIN BROWN** | : | |

**MEMORANDUM OPINION**

Savage, J.                                                                                          July 8, 2014

In this personal injury case removed from the state court, the plaintiffs, Julian and
Laura Hutton, sued Melvin Brown, the driver of the tractor-trailer that collided with the
vehicle driven by Julian Hutton, and KDM Transport ("KDM"), Brown's employer and the
owner of the tractor-trailer.  The plaintiffs have moved to remand on the ground that the
notice of removal was untimely filed.  They contend that because both defendants were
served with the complaint on March 10, 2014, and did not file their notice of removal until
June 6, 2014, the notice was filed beyond the thirty-day time limit set forth  in  28 U.S.C.
§ 1446(b)(1).  At oral argument, they argued that even if service on Brown was improper,
he had no standing to remove the action or respond to the plaintiffs' motion to remand.

In opposing remand, the defendants contend that the removal notice was timely filed
because Brown had not yet been properly served with process.  They argue that because
the removal time period is triggered by "formal service" of the summons and complaint,
Brown's time to file a notice has not begun running.  They also contend that because an
earlier-served defendant may join in a notice of removal timely filed by a later-served
defendant, KDM Transport may join in the notice.

We conclude that the plaintiffs have failed to prove that the defendant Melvin Brown was properly served.  Consequently, the thirty-day time period for removal had not been triggered at the time he filed the removal petition.  Therefore, because the notice of removal was not untimely, the plaintiffs' motion to remand will be denied.

### Background

The plaintiffs, Pennsylvania citizens, commenced this action in state court by filing a writ of summons on December 27, 2013.  They mailed the writs via certified mail, "return receipt requested," separately to the defendants at KDM's principal office address in Huntingtown, Maryland.[1]  The mail was addressed to "KDM Transport, Inc.," at "2045 Hatfield Road, Huntingdon, MD 20639," and to "Melvin Brown, c/o KDM Transport, Inc." at the same address.  The "return receipt" card for each defendant was signed by "Roxanne Fletcher" on December 30, 2013.  On January 7, 2014, the plaintiffs filed proofs of service of the writ of summons, asserting that the defendants were served on December 30, 2013.  *See* Defs.' Br. in Resp. to Pls.' Mot. to Remand (Doc. No. 7-1) ("Defs.' Br.") at 2 and Ex. C.

The plaintiffs filed their complaint on March 5, 2014.  They mailed copies of the complaint to each of the defendants exactly as they had mailed the writ of summons – via certified mail, "return receipt requested," to KDM's office, with Brown's letter transmitting the complaint addressed to "Melvin Brown, c/o KDM Transport, Inc."  On March 10, 2014, the "return receipt" cards for both defendants were again signed by "Roxanne Fletcher."

---

[1] "KDM is a . . . citizen of the state of Maryland, with a principal office at 2045 Hatfield Road, Huntington [sic], Maryland 20639."  Not. of Removal, ¶ 3; Defs.' Br. in Resp. to Pls.' Mot. to Remand (Doc. No. 7-1) ("Defs.' Br.") at 3; Decl. of Deborah Metzger Mulvey (Ex. A to Defs.' Br.) ("Mulvey Decl."), ¶¶ 4, 6.

On April 3, 2014, the plaintiffs filed a proof of service of the complaint upon the defendants, asserting that each was served on March 10, 2014.  *See* Defs.' Br. at 2-3 and Ex. E.

On May 15, 2014, plaintiffs' counsel sent a copy of the complaint via regular mail to KDM's insurance carrier, Canal Insurance Company.  On May 29, 2014, Canal retained counsel for the defendants.  Not. of Removal, ¶¶ 13-16.

According to defense counsel's declaration, Brown resides at 4156 Sands Road in Harwood, Maryland and previously resided at 796 Harwood Road in Harwood, Maryland. He has never resided at 2045 Hatfield Road, Huntingdon, Maryland, which is his employer's address.  Brown stated that KDM gave him a copy of the summons and the complaint.  However, he does not recall when he received them.  Mulvey Decl., ¶¶ 3-5.

On June 6, 2014, the defendants, Maryland citizens, filed a notice of removal, contending that the federal court has subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1446.  Although they do not deny that KDM Transport was properly served with the complaint on March 10, 2014, the defendants contend that Brown was not properly served.  Not. of Removal, ¶ 20.  Specifically, they argue that although an out-of-state defendant may be served via mail,[2] the plaintiffs failed to comply with Pennsylvania Rule of Civil Procedure 403 because the "mailings to 'Melvin Brown c/o KDM Transport, Inc.'" were not signed by him or his "authorized agent."  Not. of Removal, ¶¶ 20-21, 28-31.

## Discussion

In removal actions, the defendant bears the burden of demonstrating federal

---

[2] *See* Pa. R. Civ. P. 404(2).

jurisdiction. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) (citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)); *accord Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009) (The removing party "carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court."). Additionally, removal statutes are to be strictly construed, and all doubts are resolved in favor of remand. *Brown*, 575 F.3d at 326 (citation omitted).

The plaintiffs do not dispute that the parties are diverse or that the amount in controversy requirement has been met. Consequently, they do not challenge federal jurisdiction over this matter on substantive grounds. Rather, they contend that the removal is procedurally defective because it was untimely filed.

Under 28 U.S.C. § 1446(b)(1),

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The removal clock does not start running until the defendant is formally served with the summons and complaint. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)). Actual or constructive notice of the action is not sufficient to start the running of § 1446(b)'s thirty-day period. *See id.* at 355-56. Therefore, the removal period does not begin to run until the defendant is properly served or waives service. *Di Loreto v. Costigan*, 351 F. App'x. 747, 751 (3d Cir. 2009) (quoting *Murphy Brothers*, 526 U.S. at 350) ("In the absence of service of process (or waiver of service by

4

the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant.").

To determine whether Brown was properly served, we turn to the Pennsylvania Rules of Civil Procedure governing service of process. 16 James Wm. Moore et al., *Moore's Federal Practice* ¶ 107.30[3][c] (3d ed. 2014) (stating that the date service was effected is determined by state law). "The party asserting the validity of service bears the burden of proof on that issue." *Sims v. City of Phila.*, 552 F. App'x 175, 177 (3d Cir. 2014) (quoting *Grand Entm't Grp. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)). Therefore, the plaintiffs bear the burden of proving that Brown was properly served with process on March 10, 2014.

An out-of-state defendant may be served "by mail in the manner provided by Rule 403." Pa. R. Civ. P. 404(2) ("Original process shall be served outside the Commonwealth within ninety days of the issuance of the writ or the filing of the complaint. . . . "). Rule 403 provides, in pertinent part, that

> a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail.

Pa. R. Civ. P. 403. The note to this rule states that the U.S. Postal Service only permits restricted delivery mail to be delivered to "the addressee or his authorized agent." *Id.*

Because service is the mechanism by which a court obtains jurisdiction over a defendant, the rules governing service of process must be strictly followed. *East Allegheny Sch. Dist. v. Snyder*, No. 1288 C.D. 2009, 2010 WL 9512669, at *4 (Pa. Commw. Ct. Nov. 5, 2010) (citing *Cintas Corp. v. Lee's Cleaning Servs.,* 700 A.2d 915, 920 (Pa. 1997)).

"Proper service is not presumed . . . [and] the return of service itself must demonstrate that the service was made in conformity with the Pennsylvania Rules of Civil Procedure." *Serrino v. Cnty. of Luzerne Tax Claim Bureau*, No. 2014 C.D. 2012, 2013 WL 3952312, at *5 (Pa. Commw. Ct. Aug. 1, 2013) (quoting *City of Phila. v. Berman*, 863 A.2d 156, 160 (Pa. Commw. Ct. 2004)).

The defendants contend that the plaintiffs failed to comply with the requirements of Rule 403. They argue that the writ and the complaint were not mailed to Brown's address, and that neither Brown nor his authorized agent signed the return receipt card.

The plaintiffs have not met their burden of proving the validity of service of process on Brown. They have provided no evidence of the relationship, if any, between Brown and Roxanne Fletcher, the signatory on the return receipt cards. Indeed, the plaintiffs submitted *no evidence* and made no argument as to the propriety of service on Brown.

Where the plaintiff relies on receipt by someone other than the defendant, he must produce evidence that the signatory had authority to sign on the defendant's behalf. Otherwise, service is not proper. *See, e.g. Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991) (where plaintiff admitted that the defendant did not sign the return receipts and has offered no proof that the signatures belong to defendant's authorized agents, the mailing did not constitute effective service under Rule 403); *Ghost v. Victory Recovery Serv., Inc.*, Civ. A. No. 14-215, 2014 WL 1515700, at *2 (E.D. Pa. Apr. 17, 2014) (rejecting plaintiff's argument that signatory on return receipt of mail addressed to defendant at his "usual place of business" was authorized agent because the note to Rule 403 states that the U.S. Postal Service only permits restricted delivery mail to be delivered to "the addressee or his authorized agent," service of process held to be improper where plaintiff

provided "no evidentiary basis to explain the relationship" between the signatory and the defendant); *Resh v. Brosnac*, Civ. A. No. 11-cv-01924, 2012 WL 1114583, at *3 (E.D. Pa. Mar. 30, 2012) (finding service improper under Rule 403 where there was no confirmation that the name on the return receipt was defendant's authorized agent); *Pennington v. Wells Fargo Bank, N.A.*, Civ. A. No. 11-CV-2896, 2012 WL 959361, at *2 (E.D. Pa. March 22, 2012) (finding service improper under Rule 403 where the record "does not contain any evidence" of a receipt signed by the defendant or his authorized agent); *Pearson v. Sonnet Trucking, Inc.*, Civ. A. No. 09-5917, 2012 WL 279673, at *2 (E.D. Pa. Jan. 30, 2012) (finding service invalid under Rule 403 where plaintiff failed to show that the defendant authorized the signatory to return receipts to act as an agent for purposes of accepting service of process – as opposed to accepting certified mail deliveries); *Vigilante v. Statharos*, No. 08-CV-3408, 2008 WL 4185837, at *3 (E.D. Pa. Sept. 10, 2008); *Ignition Media Grp. v. Pantel Sys., Inc.*, Civ. A. No. 07-0439, 2007 WL 2728662, at *1 (E.D. Pa. Sept. 14, 2007) (finding service ineffective where defendant submitted a declaration stating that he never signed a return receipt or authorized anyone to do so on his behalf and plaintiff offered no evidence that the signatures on the receipts belonged to "authorized agents" of the defendant); *Scanlin v. TD Waterhouse, Inc.*, No. 4:05-CV-2458, 2006 WL 1724565, at *2 (M.D. Pa. June 19, 2006) ("Where the plaintiff has not offered proof that the signatures belong to an 'authorized agent' of the defendant, and where there is no way to discern the identity of the signer, a mailing does not constitute effective service under Pennsylvania law."); *McKinnis v. Hartford Life*, 217 F.R.D. 359, 361 (E.D. Pa. 2003) (plaintiff did not prove service made on authorized agent of corporation where nothing in the record indicated the position or type of employment of the employee who signed

certified mail receipt).  *Cf. Kachmarski v. Dakota Bodies, Inc.*, Civ. A. No. 10-4499, 2010 WL 4910891 (E.D. Pa. Nov. 30, 2010) (finding that defendant company was properly served because process was mailed to defendant's principal place of business and no defendant asserted that the signatory to return receipt was not an authorized agent for purposes of Rule 403).

Here, although Brown received notice of the complaint from his co-defendant, there is no evidence that he or anyone authorized to accept service on his behalf signed the return receipt card containing the summons or complaint.  Informal notice is not service. Therefore, the plaintiffs have not met their burden of proving that service on Brown was proper.

Because Brown has not been properly served, the thirty-day period for filing a notice of removal has not begun.  *See Murphy Brothers*, 526 U.S. at 348.  Therefore, his notice is timely.

The plaintiffs argue that if Brown has not yet been formally served, he lacks standing to remove the case.  They argue, in essence, that the notice of removal is premature.

Brown need not wait until he is properly served to remove the case.  *Zokaites Props., LP v. La Mesa Racing, LLC*, Civ. A. No. 11-259, 2012 WL 3144127, at *17 (W.D. Pa. Aug. 1, 2012); *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (service of process is "not an absolute prerequisite to removal"); *Poznanovich v. AstraZeneca Pharm. LP*, Civ. A. No. 11-4001 (JAP), 2011 WL 6180026, at *5 (D.N.J. Dec. 12, 2011) (courts have "routinely held that formal service is not a prerequisite to removal"); *Middlebrooks v. Godwin Corp.*, 279 F.R.D. 8, 11-12 (D.D.C. 2011) (formal service not required before removing a case); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1214–15 (D. Haw. 2009)

Case 2:14-cv-03264-TJS   Document 10   Filed 07/09/14   Page 9 of 10

(defendant did not have to wait until the plaintiffs served it with the summons and complaint before removing the case); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009) ("an unserved defendant in receipt of the complaint may remove prior to service under Section 1446(b)"); *Arthur v. Litton Loan Serv. LP*, 249 F. Supp. 2d 924, 931 (E.D. Tenn. 2002) (formal service is "not a prerequisite to the defendants exercising their right of removal under 28 U.S.C. § 1446").

*Murphy Brothers* did not hold or infer that formal service is required *prior* to removing a case. *Murphy Brothers*, 526 U.S. 344; *see also Delgado*, 231 F.3d at 177 n.23 (noting that while *Murphy Brothers* found that mere receipt of a complaint without any formal service did not trigger a defendant's time to remove a case from state court, the decision did not address whether service was a prerequisite for a defendant to be able to remove a case); *Poznanovich*, 2011 WL 6180026, at *5 (stating that although *Murphy Brothers* "held that mere receipt of a complaint absent formal service did not trigger the 30-day time limit on removal, . . . [t]hat decision . . . did not hold that formal service is a prerequisite for removal."); *Middlebrooks*, 279 F.R.D. at 12 ("*Murphy Brothers* does not address the validity of removal before service. . . ."); *North*, 600 F. Supp. 2d at 1270 ("[T]he *Murphy Brothers* decision did not superimpose a service requirement on Section 1446(b).").

As long as an action has been commenced against a defendant, he is permitted to remove it. *See* 28 U.S.C. § 1441(a) ("any civil action *brought* in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants") (emphasis added); *Watanabe*, 684 F. Supp. 2d at 1214 ("A complaint need only be filed to be removable."); *Delgado*, 231 F.3d at 177 (The removal statutes "require that an action be commenced against a defendant before removal, but

not that the defendant have been served."). Additionally, requiring service prior to removal makes little sense when a named defendant can submit to the jurisdiction of the court through consent or waiver of process.  *Berman*, 863 A.2d at 160 n.8 (citing *Fleehr v. Mummert*, 857 A.2d 683, 685 (Pa. Super. 2004)),[3] or service of process can be effected *after* removal.  *See* 28 U.S.C. § 1448.[4]  Therefore, Brown had standing to remove the case.

Because an earlier-served defendant may join in a notice of removal timely filed by a later-served defendant, KDM Transport was permitted to join in the notice.  *See* 28 U.S.C. § 1446(b)(2)(C).

### Conclusion

Because Brown has not been properly served, the removal clock has not started to run.  Thus, Brown's removal petition is not untimely.

---

[3] A defendant waives process if he "manifests an intent to submit to the court's jurisdiction . . . [by] tak[ing] 'some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service.'"  *Di Loreto*, 351 F. App'x at 752 (quoting *Fleehr*, 857 A.2d at 685).  Indeed, at oral argument, Brown's counsel indicated that he would accept service and waive any objection to invalid service.

[4] "In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."  28 U.S.C. § 1448.